CALVIN E. DAVIS (SBN 101640)
cdavis@grsm.com
AARON P. RUDIN (SBN 223004)
arudin@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
THE GROUNDS GUYS SPV, LLC
and RUSS MEIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGUS CAPITAL MANAGEMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE GROUNDS GUYS SPV, LLC, a Delaware corporation; RUSS MEIER, an individual; and DOES -100,<br><br>Defendants. | CASE NO. 1:23-cv-00043-JLT-BAM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date: August 7, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Jennifer L. Thurston |

## I.  INTRODUCTION

After the Motion to Dismiss the First Amended Complaint [Doc. 15] by Defendants The Grounds Guys SPV LLC ("TGG") and Russ Meier ("Meier") (collectively "Defendants") was fully briefed and taken under submission by the Court, Plaintiff Argus Capital Management, LLC ("Argus") and its counsel, filed Objections to Defendants Reply Evidence and a Supplemental Declaration of Douglas Luther and exhibits thereto (the "Supplementary Material") [Doc. 27; Doc. 27-1, Doc. 27-2 and Doc. 27-3].  The filing of the Supplementary Material by Argus and its counsel was done in direct violation, and blatant disregard, of this Court's Standing Order and the Local Rules because Argus and its counsel did not seek prior court approval before filing the Supplementary Material.  Prior to Argus filing the Supplementary Material, counsel for Defendants specifically warned opposing counsel there was no legal basis for such a filing.

Accordingly, pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants respectfully request that the Court grant their Motion for Sanctions and strike the Supplementary Materials from the record.  In addition, Defendants respectfully request that Argus be ordered to pay monetary sanctions as a result of the attorneys' fees incurred by Defendants in connection with this motion, totaling not less than $4,400.00.  *See* Declaration of Aaron P. Rudin at ¶ 5.

## II.  BACKGROUND

On May 1, 2023, Defendants filed their Motion to Dismiss the First Amended Complaint and Request for Judicial Notice in support. Doc. 15; Doc. 15-1; Doc. 16.

On May 15, 2023, Argus filed its Opposition to Motion to Dismiss the First Amended Complaint along with the Declarations of Douglas Luther and Jason Peterson in Support.  Doc. 20 through Doc. 20-7.

On May 18, 2023, the Court issued a Minute Order stating, among other things, that Defendants' motion to dismiss would be decided on the papers.  Doc. 22.

On May 25, 2023, Defendants filed their Reply Brief in Support of the Motion to Dismiss the First Amended Complaint, Declaration of Aaron P. Rudin and Objections to and Request to Strike Evidence Submitted by Plaintiff in Opposition.  Doc. 23; Doc. 25; Doc. 26.

-2-
DEFENDANTS' MOTION FOR SANCTIONS

1    On May 26, 2023, counsel for Argus informed counsel for Defendants that Argus

2 intended to file a supplemental declaration with the Court. *See* Declaration of Aaron P. Rudin at

3 ¶ 2. Counsel for Defendants responded that there was no authority for Argus to file a

4 supplemental declaration at that time and that if Argus engaged in such a blatantly improper

5 filing, Defendants would seek appropriate relief from the Court. *Id*.

6    On May 31, 2023, Argus filed the Supplementary Material. Docs. 27 through 27-3.

7    On June 7, 2023, Defendants served Argus with the Notice of Motion for Sanctions, this

8 Memorandum of Points and Authorities in Support, and the Declaration of Aaron P. Rudin in

9 Support.

10 **III.   LEGAL ANALYSIS**

11 **A.   Legal Standard**

12 Federal Rule of Civil Procedure 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

19 Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court

20 determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on

21 any attorney, law firm, or party that violated the rule . . . ." Fed. R. Civ. P. 11(c)(1). Rule 11 "is

22 designed to deter attorneys and unrepresented parties from violating their certification that any

23 pleading, motion or other paper presented to the court is supported by an objectively reasonable

24 legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S.*

25 *Calif. Permanente Med. Group*, 209 F.R.D. 169, 173-73 (C.D. Cal. 2002).

26    "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel.*

27 *Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 254 (9th Cir. 1992) (citing

28 *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). "Under the plain language of the rule,

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." *Warren v. Guelker,* 29 F.3d 1386, 1389 (9th Cir. 1994). If Rule 11(b) was violated, the court may impose nonmonetary directives (such as striking an improper filing) and monetary sanctions (including directing payment to the moving party all of the reasonable attorneys' fees and expenses directly resulting from the violation. *Id*. at 1390; *see also* Fed.R.Civ.P. 11(c)(4).

In addition, Local Rule 110 provides "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

**B.** **Sanctions Should Be Issued Against Argus And Its Counsel For Filing The Supplementary Material In Violation Of Rule 11, The Standing Order Of This Court And The Local Rules**

Argus and its counsel violated Rule 11, the Standing Order of this Court and the Local Rules by filing the Supplementary Material. As a result, there is good cause to issue sanctions against Argus and its counsel to deter such conduct from occurring in the future.

In particular, the Court's Standing Order states, in pertinent part, that "no supplemental briefs may be filed without prior leave of court." Similar, Local Rule 230 provides in pertinent part that:

> **(m) Supplementary Material**. After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval except:
>
> **(1) Objection to Reply Evidence**. If new evidence has been submitted with the reply brief, the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply Evidence stating its objections to the new evidence. The Objection to Reply Evidence may not include further argument on the motion.
>
> **(2) Notice of Supplemental Authority**. Any party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

L.R. 230(m)

1   Argus did not seek leave of court before filing the Supplementary Material.  The
2   Supplementary Material included purported Objections to Evidence which violated Local Rule
3   230(m)(1) by including further argument on the motion to dismiss.  In particular, Argus
4   improperly objected to Defendants' Reply Brief for purportedly omitting arguments that Argus
5   sought to advance concerning discussions among counsel that occurred after the Court issued its
6   minute order that the motion would be taken under submission and are irrelevant.  *See* Doc.  27
7   at pg. 2 lines 10-15.  In addition, Argus submitted the Supplemental Declaration of Doug Luther,
8   which includes arguments and attaches exhibits which also include arguments, including Mr.
9   Luther speculating about actions TGG would take in the future.  *See* Doc. 27 at pg. 2 line 16
10  through pg. 3, line 28; Doc. 27-3.

11  Argus likely did not seek leave to file a reply brief because the "evidence" and arguments
12  it seeks to advance in its Supplementary Material are irrelevant to the pending motion to dismiss.
13  Argus claims that the reason it filed the Supplementary Material is to address new evidence
14  submitted by Defendants in connection with their reply brief.  However, the only evidence
15  submitted by Defendants in connection with their reply brief was a declaration that set forth facts
16  to rebut Argus' misplaced contention that Defendants did not satisfy their meet and confer
17  obligations prior to filing the motion to dismiss.  *See* Doc. 25.  Conduct that occurred well after
18  the motion to dismiss was filed could have no possible bearing on that meet and confer issue.

19  Argus also claims that the reason it filed the Supplementary Material is because
20  Defendants' Reply Brief did not include the Supplementary Material filed by Argus.  *See* Doc.
21  27 at pg. 2, lines 10-12.  This is not a valid basis for Argus to fail to seek prior court approval,
22  and the Court's Standing Order and the Local Rules would be rendered meaningless if any party,
23  such as Argus, is permitted to submit Supplementary Material without a Court Order simply
24  because it felt information should have been, but was not, previously submitted to the Court.

25  As such, Argus and its counsel's improper attempt to introduce such arguments under the
26  guise of an objection to evidence is sanctionable misconduct under Rule 11 of the Federal Rules
27  of Civil Procedure.  The filing of the Supplementary Material was done for an improper purpose
28  to harass Defendants and in violation of the local rules and there is no legal basis for Argus to

-5-
DEFENDANTS' MOTION FOR SANCTIONS

have filed the Supplementary Material without leave of court. Finally, the Supplementary Material filed includes factual contentions that are also baseless including rank speculation by counsel for Argus concerning purported future conduct by TGG which cannot possibly have evidentiary support. Therefore, there is good cause to strike the Supplementary Material and issue sanctions against Argus in the amount Defendants incurred bringing this motion totaling not less than $4,400.00. *See* Declaration of Aaron P. Rudin at ¶ 5.

## IV.     CONCLUSION

Accordingly, Defendants respectfully request that the motion for sanctions be granted, that Argus' Supplementary Material be stricken from the record and that Argus and/or its counsel be Ordered to pay monetary sanctions to Defendants for costs incurred in connection with this motion for sanctions not less than $4,400.00.

Dated:  July 3, 2023                                                       GORDON REES SCULLY MANSUKHANI, LLP

By:     */s/ Aaron P. Rudin*
         Calvin E. Davis
         Aaron P. Rudin
         Attorneys for Defendants THE
         GROUNDS GUYS SPV LLC and RUSS
         MEIER

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1297784/77419770v.1