1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   ARGUS CAPITAL MANAGEMENT              Case: 1:23-CV-00043-JLT-BAM
     LLC, a California limited liability
12   company,                             ORDER DENYING MOTION FOR
                                          SANCTIONS
13                  Plaintiff,            (Doc. 28)

14         v.

15   THE GROUND GUYS SPV, LLC, a
     Delaware Corporation; RUSS MEIER, an
16   individual; and DOES 1-100,
                    Defendants.
17

18         On May 1, 2023, Defendants filed a Motion to Dismiss the action for Plaintiff's alleged

19   failure to mediate and allege facts supporting Plaintiff's fraud claims with particularity. (Doc. 15-

20   1.) Plaintiff opposed the motion in a filing that included a declaration from counsel and attached

21   exhibits. (Doc. 20.) Defendants objected to some of the statements in the declaration supporting

22   Plaintiff's opposition, as well as some of the declaration's exhibits. (Doc. 26.) Then, in their

23   reply supporting the Motion to Dismiss, Defendants' counsel filed their own declaration. (Doc.

24   23.) Plaintiff objected to the reply evidence alleging, among other things, that it included new

25   evidence not in the underlying motion. (Doc. 27.) Plaintiffs' objections were accompanied by a

26   declaration with exhibits of the parties' communications. (Doc. 27.)

27         On July 3, 2023, Defendants moved to sanction Plaintiff under Federal Rule of Civil

28   Procedure 11 for submitting materials with Plaintiff's objections without first seeking leave from

                                          1

the Court and for including further argument on the motion in the objections.  (Doc. 28-1.)[1]  Rule 11 sanctions are an "extraordinary remedy" reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344–45 (9th Cir. 1988).  Having reviewed the papers, the Court concludes that though some content in Plaintiff's objections may be irrelevant to the pending motion to dismiss, Defendants' motion for sanctions falls far short of their burden to allege that Plaintiff's filing was "filed for an improper purpose" or was otherwise "frivolous."  *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir. 2012), *reversed on other grounds*, 132 S. Ct. 1962 (2014); *Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987) (burden of proof for Rule 11 sanctions falls on the moving party). As such, the pending Motion for Sanctions (Doc. 28) is **DENIED**.

IT IS SO ORDERED.

   Dated:   **July 11, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[1]  The motions to dismiss and compel arbitration (Docs. 15, 17) remain pending and will be addressed by the Court separately in due time.