# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGUS CAPITAL,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, PETER ALDANA, ROB BONTA, AND BRIAN CATES,<br><br>    Defendants. | Case No. 1:23-cv-00043 JLT<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT FEDERAL CIVIL PROCEDURE RULES 12(b)(1) and 12(b)(6)<br><br>(Docs. 15, 16, 20, 23) |

The matter before the Court arises from the franchise agreement between Argus Capital Management LLC and The Grounds Guys SPV LLC. The current dispute concerns the enforceability of a mandatory out-of-state mediation provision. Specifically, an express "condition precedent" requires Argus Capital, a California franchisee, to meet and mediate with The Grounds Guys, the franchisor, in Texas before filing or initiating any action in court. Argus Capital filed a complaint in this Court alleging fraud-based claims against The Grounds Guys. The Grounds Guys filed two motions: (1) a motion to dismiss under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6) and (2) a motion to compel arbitration arguing Argus Capital failed to comply with the express "condition precedent" and mediate in Texas before initiating the ongoing action.[1] Argus Capital opposes dismissal and argues the out-of-state "the mediation

---

[1] The Court's order only addresses Defendants' motion to dismiss (Doc. 15).

1

prerequisite" is unenforceable under the California Franchise Relations Acts and unconscionable under California law.  For reasons further discussed below, the Court **DENIES** Defendants' motion to dismiss.

## BACKGROUND

On January 9, 2023, Argus Capital Management LLC (Argus Capital) initiated suit against The Grounds Guys SPV LLC (TGG) by filing a complaint (Doc. 1) in this Court alleging (1) Fraudulent Misrepresentation; (2) Negligent Misrepresentation; (3) Fraudulent Inducement; (4) Fraudulent Nondisclosure and (5) Violation of the Texas Deceptive Trade Practices Act.  On March 10, 2023, TGG filed motions to dismiss and compel arbitration (Docs. 6, 8), which this Court **denied as moot** following Argus Capital filing a first amended complaint (FAC) as of right pursuant to Federal Civil Procedure Rule 15(a)(1)(B).  (*See* Doc. 13.)  Argus Capital filed the FAC on March 27, 2023, naming TGG and Russ Meier, a TGG Director of Franchise Development, as defendants (collectively "Defendants").  (*See generally* Doc. 11.)   Plaintiff's FAC included additional facts and allegations but alleged the same fraud-based claims: (1) Fraudulent Misrepresentation; (2) Negligent Misrepresentation; (3) Fraudulent Inducement; (4) Fraudulent Nondisclosure and (5) Violation of the Texas Deceptive Trade Practices Act.  (*Id.*) In lieu of filing an answer, Defendants filed a pre-answer motion to dismiss (Doc. 15) and motion to compel arbitration (Doc. 20) thereby tolling Defendants' time to file an answer while the Court ponders the merits of the motions.  *See* Fed. Civ. P. 12(a)(4); (*See generally* Doc. 14, Stipulation Extending Time to Respond to First Amended Complaint.) The Court considers Defendants' motion to dismiss (Doc. 15) and responsive arguments below. [2]

### A.  The TGG Franchise Agreement

Argus Capital is a California LLC with its principal place of business in Prather, California.  (Doc. 11. at 2.)  Jason Peterson owns and operates Argus Capital.  (*Id.*) TGG is a Delaware LLC "offer[ing] franchises in full-service lawn case and landscape solutions" and its principal place of business in Waco, Texas.  (*Id.*) Meier is a Director of Franchise Development.

---

[2] Defendants also filed a motion to compel arbitration (Doc. 17) and acknowledges "[t]hat motion would be rendered moot, and need not be considered, if the Court is inclined to grant this motion [to dismiss]." (Doc. 15 at 8, n. 1.)

2

Peterson began working with Defendants to establish a franchise outlet in Central California in September 2021. (*Id.* at 9) Peterson signed and entered into a franchise agreement with Defendants on October 4, 2021, and assigned his rights to Argus Capital on December 20, 2021. (*Id.*)

Plaintiff attached a true and accurate copy of the "Addendum to Franchise Agreement for Residents of California" ("California Addendum") to its FAC and alleges the addendum establishes this Court's subject matter jurisdiction and personal jurisdiction over Defendants. (*See* Doc. 11 at 4, Ex. A.) The California Addendum states, in pertinent part, the following:

1. The provisions of this Addendum form an integral part of, and are incorporated into the Franchise Agreement. This Addendum is being executed because: (a) the offer or sale of the franchise to Franchisee was made in the State of California; (b) Franchisee is a resident of the State of California; and/or (c) the Franchised Business will be located or operated in the State of California.

2. California Business and Professions Code Sections 20000 through 20043, the California Franchise Relations Act, provide rights to the franchisee concerning termination, transfer or non-renewal of a franchise If the franchise agreement contains a provision that is inconsistent with the law, the law will control.

3. Except as expressly modified by this Addendum, the Franchise Agreement remains unmodified and in full force and effect.

(*Id.*) Plaintiff also attached pages of TGG Franchise Disclosure Statement ("FDD"):

| Provision | Section in Franchise Agreement (unless otherwise specified) | Summary |
|---|---|---|
| t. Integration/ merger clause | 14(B) | Only the terms of the Franchise Agreement are binding (subject to state law). Any other promises may not be enforceable. Nothing in the Franchise Agreement or any related agreement is intended to disclaim our representations made in this disclosure document. |
| u. Dispute resolution by arbitration or mediation | 11 | Most disputes must be initially mediated. If a dispute is not resolved through the mediation process described in the Franchise Agreement, most disputes must be settled by litigation, subject to state law. Only if a court invalidates a jury waiver or a class action waiver will the dispute be resolved through arbitration, subject to |

| | | state law. |
|---|---|---|
| v. Choice of venue | 14(H) | Unless local law supersedes this provision, venue for mediation, arbitration, and litigation is in McLennan County, Texas. |
| w. Choice of law | 14(G)(1) | Texas law applies unless local state law supersedes this provision. |

The Franchise Agreement contains a "Dispute Resolution" section with the following relevant provisions:

> 11.A Mediation Before any party may bring an action in court or against the other, or commence an arbitration proceeding (except as noted in Section 11.B below), the parties must first meet to mediate the dispute. The mediation will be held in McLennan County, Texas.  Any such mediation shall be non-binding and shall be conducted by the American Arbitration Association (the "AAA") in accordance with its then-current rules for mediation of commercial disputes unless the parties agree otherwise in writing.[3]
>
> 11.C Litigation Except as provided in Section 11.D., any dispute between you and us or any of our or your affiliates, . . . arising under, out of, in connection with or in relation to this Agreement, the parties', relationship, or your Business . . . not resolved through mediation under Section 11.A must be submitted to litigation pursuant to Section 14.H.
>
> 11.D Arbitration If a court of competent jurisdiction determines that Section 14.I (Jury Waiver) and/or Section14.J (No Class or Consolidated Actions) is invalid or unenforceable . . . Dispute must be submitted to binding arbitration under the authority of the Federal Arbitration Act and must be determined by arbitration administered by the AAA
>
> 14. G Interpretation of Rights and Obligations: 1. Applicable Law and Waiver: The parties agree that the execution of this Agreement and the acceptance of its terms occurred in the state of Texas. . . the parties' rights under this Agreement, and the relationship between the parties under this Agreement are governed by, and will be interpreted in accordance with, the laws (statutory and otherwise) of the state of Texas (excluding any conflicts of laws principles).
>
> 14.H Venue Any dispute between you and us or any of our or your affiliates, including without limitation . . . including disputes not resolved through mediation, must be brought in the state or federal district court located in McLennan County, Texas. Both parties hereto irrevocably submit themselves to, and consent to, the jurisdiction of said courts and specifically waive any

---

[3] The provision at issue is 11C. Mediation ("mediation provision").

objection to the jurisdiction and venue of such courts.  The parties specifically waive the right to remove any action brought in the state court of McLennan County, Texas to a federal district court.

### B. Prior Attempts to Mediate

On July 14, 2022, Plaintiff sent Defendant TGG a request to participate in a joint mediation.  The joint mediation would include Plaintiff and two other California franchisees, Dean Mellos and Andrew Choi, with "essentially identical" grievances.  Defendant TGG declined joint mediation on the grounds separate mediations were necessary.  Following an unsuccessful mediation with California franchisee Choi, Defendant filed an action in Texas against Choi.  Plaintiff asserts that it filed the current action "in light of TGG's refusal to participate in . . . joint mediation, and aware that TGG filed a preemptive lawsuit against California franchisee Mellos prior to engaging in mediation." (Doc. 20 at 7.)  On February 24, 2023, Defendants TGG sent a "meet and confer" letter to Plaintiff stating the FAC should be dismissed "on the grounds that Plaintiff failed to satisfy the mediation pre-condition before filing" suit.  (*Id.*)  On March 2, 2023, a meet and confer call occurred in which Plaintiff "offered a stay to allow for a mediation or, in the alternative, offered to stipulate to a voluntary dismissal provided that the parties would agree that any action filed within a specified period. . . had to be filed in the Eastern District of California [;]" but Defendants rejected the proposals. (*Id.* at 8.)

## DEFENDANTS' MOTION TO DISMISS

Pursuant Federal Civil Procedure Rule 12(b)(1) and/or Rule 12(b)(6) Defendants move to dismiss Plaintiff's FAC "in its entirety without prejudice and allow [Defendants] to file a motion to recover its attorney's fees." (*See* Doc. 15 at 8.)  Defendants contend Plaintiff failed to comply with an expressed pre-condition of the parties' Franchise Agreement requiring the parties engage in mediation prior to "initiating an action in court." (*Id.*)  Defendants direct the Court to Section 11C of the Franchise Agreement for the express pre-condition, (11.C Mediation[4]) and urges the Court to incorporate by reference the entire Franchise Agreement and take judicial notice (*see generally* Doc. 16) of the agreement despite Plaintiff's failure to attach the entire Agreement to the FAC. (Doc. 15 at 8.)  Defendants request judicial notice because "the FAC incorporates by

---

[4] Throughout this order, the Court refers to the provision at issue as "the mediation provision."

5

reference, attaches in part and repeatedly quotes the Franchise Agreement." (*Id.*) Defendants also anticipate Plaintiff raising an argument based on unconscionability regarding the mediation provision and assert any contention is entirely without merit, and "as an assignee to the Franchise Agreement," Plaintiff "waived any claim that the dispute resolution provision of the [] Agreement is unconscionable." (*Id.*)  Defendants request "judicial notice of the assignment and its terms" for the same reason, "the assignment is incorporated by reference into the FAC." (*Id.* at n. 2.)  In the alternative, "and solely in the event the Court is not inclined to dismiss this action as a result of Argus' failure to mediate or compel arbitration," Defendants request Plaintiff's FAC be dismissed under Federal Civil Procedure Rule 9(b) for failure to "allege with particularity facts sufficient to support any of its purported fraud based claims" and "because such claims have all been released by Argus' predecessor-in interest to the Franchise Agreement." (*Id.* at 11.)

In opposition to Defendants' motion to dismiss, Plaintiff request the Court deny the motion or stay the action while the parties mediate before a magistrate judge of this Court to facilitate good faith.  (Doc. 20 at 8.)  Plaintiff contends the following warrants denying the motion, that: (1) Defendants failed to meet and confer, (2) that Defendants "waived the mediation requirement by rejecting Plaintiff's request to mediate," (3) "the mediation venue provision requiring mediation in Texas is void," and (4) "the mediation provision is unenforceable" because it is "substantively and procedurally unconscionable under both California and Texas law." (*See generally* Doc. 20 at 9-16.)

## LEGAL STANDARD

### A. Federal Civil Procedure Rule 12(b)(1)

Cases are presumed to fall outside a federal court's limited jurisdiction until proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377-781 (1994).  Under Federal Civil Procedure 12(b)(1) a party may challenge subject matter jurisdiction by facial of factual attack. *Johnson v. Tackett*, 272 F. Supp. 3d 1198, 1201 (E.D. Cal. 2017); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).  "In a facial attack, the court assumes the complaint's allegations are true and assesses jurisdiction in a light most favorable to plaintiff." *Johnson*, 272 F. Supp. 3d T 1201 (*citing Safe Air for Everyone v. Meyer*, 373 F.3d

6

1035, 1039 (9th Cir. 2004)). Though "a factual attack challenges the veracity of plaintiff's jurisdictional facts, or contends a necessary jurisdictional fact is absent." *Id*. "The allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *Id.*

### B. Federal Civil Procedure Rule 12(b)(6)

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

## DISCUSSION

### I. PRELIMINARY MATTERS

#### A. Meet and Confer Requirement

As an initial matter, the Court addresses Plaintiff's meet and confer argument. (*See generally* Doc. 20 at 9.) For clarification purposes, the Court issued an Order to Show Cause (Doc. 36) requiring the parties to "engage in a substantive meet and confer process related to the issues raise in the motions and in the entire litigation as they relate to mediation, and to file a joint statement whether the Plaintiff's willingness to mediate resolves the substantive issues raised in the motions." (Doc. 36 at 2.) The parties complied with the Court's order and timely filed a joint statement explaining their positions. (*See* Doc. 37.) Plaintiff explained that it filed suit in this Court to "preserve [its] contractual and statutory right to file the action in California" following a failed attempt mediate with Defendants. Plaintiff explained, before filing its complaint on January 9, 2023, it "attempted to set up a joint mediation" in July 2022. The proposed joint

mediation would include Argus and "two other California franchisee . . . [with] nearly identical claims against TGG" (*see* Doc. 20 at 5), but Defendant TGG rejected the request and filed "a preemptive action in McLennan County, Texas" against Dean Mellos and Mellos LLC, one of the California franchisees, also represented by Argus's counsel.  (Doc. 37 at 2.)  Plaintiff asserts that it has offered to mediate "over the last two years," and the most recent attempt being at the Court ordered meet and confer in which Plaintiff proffered "two alternative proposals:"  (1) "[T]here be no dismissal and … the parties stipulate to stay the action 60 days while undertaking a mediation;" or (2) "Dismissal and the parties agree to undertake a mediation within 60 days, and for any action between the parties filed after dismissal and up to the 30 days following the end of mediation, TGG agrees to the Eastern District of California as the forum and a tolling agreement that the statute of limitations is tolled starting when the present action was filed up through 30 days after mediation." (*Id.*)  Defendants did not agree to either proposal. Plaintiff infers an ulterior motive: "Ultimately [Defendants] wants a dismissal so it can turn around and file an action in McLennan County, Texas.  If TGG's request truly had to do with mediating the matter, it would have agreed to a mediation without any preconditions at some point between July 14, 2022, and February 2025."  (*Id.* at 3.)

Defendants explained its position: "Argus was contractually obligated pursuant to the terms of its franchise agreement to mediate with TGG in McLennan County, Texas prior to commencing an arbitration in McLennan County, Texas [;]" but "Argus filed this lawsuit, instead of an arbitration, without first mediation with TGG." (*Id.* emphasis included.)  Defendants stated prior attempts to mediate were always rejected because Plaintiff "has set forth preconditions . . . it has no right to demand under the franchise agreement" and the pending motion to dismiss "is based in part on [Plaintiff's] failure to mediate prior to filing this action, as well as a motion to compel arbitration in McLennan County, Texas pursuant to the terms of the franchise agreement between [Plaintiff] and TGG." (*Id.*)  At the Court ordered meet and confer, Defendants maintained its position stating, Plaintiff "continues to demand that any mediation be subject to preconditions imposed by Argus." (*Id.* at 4.)  Defendants explained its "unwilling[ness] to agree" to either of Plaintiff's alternative proposals.  In response to Plaintiff's "proposed a mediation

subject to its precondition that this matter be stayed, not dismissed, pending the mediation," Defendants stated, "TGG is unwilling to agree to such a precondition as it would further deprive TGG of its right under the franchise agreement that the mediation take place prior to any active lawsuit and reward Argus for its noncompliance with the express terms of the franchise agreement." (*Id.*)  Defendants "countered that it would agree to mediation" if Plaintiff dismissed the pending lawsuit, but Plaintiff rejected the proposal.  As for Plaintiff's second proposal, "a mediation with a dismissal of this action subject to tolling and TGG agreeing that the United States District Court for the Eastern District of California is the proper forum," Defendants stated it "has no objection to mediation subject to tolling [;]" however, "it has a pending motion to compel arbitration that explains in detail why the proper forum for this matter is arbitration in McLennan County, Texas."  (*Id.*)

The Court finds the parties sufficiently clarified their positions in the ongoing matter and adequately explained why Plaintiff's willingness to mediate did not resolve substantive issues raised in Defendants concurrently filed motions (Docs. 15, 17).  (*See generally* Doc. 37.)  Based on the parties' detailed account of the meet and confer efforts conducted by telephone on February 12, 2025, and emails between February 14, 2025, and February 17, 2025, the Court finds both parties engaged in good faith efforts to resolve the ongoing issues.  (*Id.*)  For these reasons, the Court deems the meet and confer requirement established by the Court's Standing Order satisfied.  Accordingly, the Court disregards the parties' meet and confer arguments (*see generally* Doc. 20 at 9, Doc. 23 at 5-6) and **declines** to deny the pending motion to dismiss (Doc. 15) for failure to meet and confer.

### B. The Parties' Objections

Defendants "object to, and request the Court strike, the evidence submitted" in support of Plaintiff's Opposition (*see generally* Doc. 20) "on the grounds that the evidence is outside the allegations of the FAC, is not an exhibit attached to, or incorporated by reference in, the FAC and/or is not subject to judicial notice." (Doc. 26 at 2.)  Plaintiff objects to Defendants' Reply Brief (Doc. 23) and "supporting papers filed . . . on the grounds that it contains new evidence not included in the underlying Motion [;]" and "to the extent that it omitted discussion regarding

mediation that occurred prior to the filing of Defendants' Reply." (*See* Doc. 27 at 2.) Plaintiff asserts the Declaration of Aaron P. Rudin included "purported new evidence regarding the parties' mediation discussions" but "omitted Plaintiff's further request for mediation." (*Id.*)

Defendants' objection is **OVERRULED** because: (1) the evidence submitted by Plaintiff is not outside the allegations of the FAC; and (2) the objection is "boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded." Plaintiff's objection is also **OVERRULED** for it appears to assert irrelevancy without legal argument or analysis.

**C. Judicial Notice**

Defendants request the Court take judicial notice of the following records: (1) the TGG Franchise Agreement "entered into between nonparty Jason Robert Peterson [] and TGG with an effective date of October 4, 2021," (2) "[p]ortions of TGG's Franchise Disclosure Document, dated March 31, 2021, as amended September 1, 2021," and (3) the "Assignment of Franchise Agreement & Guaranty entered into between TGG, Peterson and plaintiff Argus Capital Management, LLC with an effective date of December 22, 2021." (Doc. 16 at 1-2.)

    a. <u>Legal Standard</u>

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, . . .." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting the motion. *Id*.

    b. <u>Incorporation by Reference</u>

If a document is not attached to a complaint, "it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d 903 at 908. However, the mere mention of the existence of a document is insufficient to incorporate the contents of a document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Nonetheless, a document may still form the basis of the plaintiff's claim where "the claim necessarily depended on the [document]." *Id.*

10

1 (*citing Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

Defendants are correct to argue and request incorporation by reference of the entire Franchise Agreement as Plaintiff frequently refers to the agreement throughout its FAC. (*See generally* Doc. 11 at ¶¶ 4, 15, 37, Ex. A.) Plaintiff also presumes the dispute resolution provisions are valid but that they demonstrate unconscionability. (*Id.*) Likewise, the attached California Addendum provides the following language: "the provisions of this Addendum form an integral part of, and are incorporated into the Franchise Agreement." (*Id.*) The express language supports and requires incorporation of the Franchise Agreement. *See Ritchie*, 342 F.3d at 908 Plaintiff's CFRA and enforceability arguments are premised on the mediation provision validity. *Id.* (If Plaintiff refers extensively to the document, the document is incorporated by reference into a complaint.). Most determinative here is Plaintiff does not dispute the authenticity of the Franchise Agreement, rather disputes legal enforceability. For these reasons, Defendants' request for incorporation by reference of the Franchise Agreement is **GRANTED**. The incorporation includes the agreement's assignment and release provision:

> 5. Release   In consideration of Franchisor's approval of this Assignment, Franchisee hereby releases and forever discharges Franchisor . . . of and from any and all causes of action, liability, damages and claims whatsoever, including but not limited to claims arising from contract, regulation, statute, tort, in any way connected with the Franchise Agreement or the offer and sale, development and operation of the Franchise, or Franchisor's own negligence, known or unknown, direct or indirect, which Franchisee might or could have against Franchisor, from the beginning of time to the effective date of this Assignment.

(*See* Doc. 17-3 "Assignment of Franchise Agreement & Guaranty".) To the extent defendants request contains documents disputed by the parties, the disputed documents are disregarded and excluded from incorporation by reference.

Defendants also request judicial notice of "[p]ortions of TGG's Franchise Disclosure Document, dated March 31, 2021, as amended September 1, 2021," and Plaintiff does not appear to object (*see generally* Doc. 27). Defendants do not specify whether they seeks judicial notice under Rule 201 or via incorporation by reference, nor do they provide any analysis as to whether this document is properly noticed. The failure to offer this analysis constitutes a waiver of the

11

issue. Thus, Court **DENIES** Defendants' request for judicial notice of the FDD.[5]

## II.    DEFENDANTS' ARGUMENTS UNDER FEDERAL CIVIL PROCEDURE RULE 12(b)(1).

Defendants contend dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants point to the Franchise Agreement mediation provision requiring the parties to first meet and mediate before filing any action in court. (Doc. 15 at 13.) Defendants argue "the plain language of [the] provision establishes that mediation is a condition precedent to [Plaintiff] initiating this suit" and Plaintiff "cannot allege that it mediated its dispute with TGG prior to initiating this lawsuit." As a result of Plaintiff's failure to satisfy the expressed pre-condition to meditate, Defendants contend the lawsuit is "premature" and request the Court to dismiss Plaintiff's FAC without prejudice. (*Id.* at 15.) Defendants cite *Delamater v. Anytime Fitness, Inc*. 722 F.Supp.2d 1168 (E.D. Cal. 2010) for its pre-condition contention.

Plaintiff asserts "as a matter of law, the mediation venue provision requiring mediation in Texas is void." (Doc. 20 at 10.) Plaintiff cites the California Addendum agreement attached to the FAC (Doc. 11, Ex. A) explaining, "the parties executed an Addendum to the Franchise Agreement, which voids or supersedes the Texas venue provisions of the Franchise Agreement." (*Id.*) Specifically, "[t]his Addendum is being executed because: (a) the offer or sale of the franchise to Franchisee was made in the State of California; (b) Franchisee is a resident of the State of California; and/or (c) the Franchised Business will be located or operated in the State of California [;]" and "**California Business and Professions Code Sections 20000 through 20043**, the California Franchise Relations Act, provide rights to the franchisee . . .. **If the franchise agreement contains a provision that is inconsistent with the law, the law will control.**" (*Id.* emphasis added.) Based on the California Addendum, "the parties expressly contracted to apply the California Franchise Relations Act [;]" therefore, "California law applies to venue determination." (*Id.*) Plaintiff relies heavily on Cal. Bus. &. Prof. Code section 20040.5 stating, "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with

---

[5] The portion of the FDD at issue does not speak to the adequacy of the FAC nor does it attempt to demonstrate that Plaintiffs engaged in "artful pleading." *Khoja* at 1003. More important, the information found on this portion of the FDD is already available for the Court's consideration. *Supra,* at pp. 2-3.

12

respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."

Before discussing the merits, the Court must address the vagueness surrounding Defendants' Rule 12(b)(1) motion. As briefed, the parameters of Defendants' 12(b)(1) arguments are unclear because Defendants avoid using the jurisdictional language and terms outside the quoted legal standard. (*See generally* Doc. 15.) A Rule 12(b)(1) motion is a jurisdictional challenge to the Court's subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. The jurisdictional attack may be facial or factual. *Id.* (citing *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Defendants do not appear to challenge subject matter jurisdiction in the classic manners. However, based on the thorough Rule 12(b)(6) arguments, the Court infers any residual arguments be subject to Rule 12(b)(1) analysis. (*Cf.* Doc. 15 at 13-21, 21-22.) Defendants rely on the Franchise Agreement mediation provision and argue its enforceability. Defendants jurisdictional challenge is premised on finding Plaintiff's FAC is premature and improperly before this Court. In other words, Defendants' motion is a facial attack on a jurisdictional prerequisite. Plaintiff contends the mediation provision is unenforceable and violate the California Franchise Relations Act (CFRA) and Business & Professions Code § 20040.5. After clarifying the motion parameters and arguments, the Court proceeds to the merits.

**A. Enforceability: The Mediation Provision (11.C Mediation)**

Defendants point to the choice of law provision to support their position. In light of the California Addendum, which explicitly states with express, unambiguous language that California applies, the choice of law provision provides little assistance to the enforceability of the mediation provision. *See also* the Franchise Agreement Choice of Law stating conflicts of law principles supersede Texas law. (14. G Interpretation of Rights and Obligations "the parties' rights under this Agreement, and the relationship between the parties under this Agreement are

13

governed by, and will be interpreted in accordance with, the laws (statutory and otherwise) of the state of Texas (excluding any conflicts of laws principles).") "Enforcing the franchise agreement's choice of law provision would enable Defendant to impose an out-of-state mediation requirement, which conflicts with CFRA's express protections. Under California law, a choice of law provision is unenforceable if it contravenes fundamental public policy. See Winter v. Window Fashions Professionals, Inc., 166 Cal. App. 4th 943 (2008). Though not directly on point, California courts have refused to enforce out-of-state choice of law provisions in franchise agreements if in doing so undermines CFRA's protections. See Nygaard v. Prop. Damage Appraisers, Inc., No. 16-CV-02184-VC, 2017 WL 1128471 (E.D. Cal. 2017); see also Laxmi Investments, LLC v. Golf USA, 193 F.3d 1095 (9th Cir. 1999). Based on the incorporated Franchise Agreement and the California Addendum attached to Plaintiff's FAC, the Court finds the choice-of-law clause selecting Texas law as governing the terms of the agreement unenforceable to the extent that it violates the CFRA.

Even still, Defendants assert California's conflict of law principles uphold enforcing the choice of law provision. CFRA's section 20040.5 states,

> A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state.

The mediation provision reads,

> Before any party may bring an action in court or against the other, or commence an arbitration proceeding . . . the parties must first meet to mediate the dispute. The mediation will be held in McLennan County, Texas. Any such mediation shall be non-binding. . ..

Contrary to CFRA, the mediation provision mandates all disputes arising out of the Franchise Agreement be addressed through mediation in Texas before initiating any suit in court.

Defendants asserts the meditation provision is enforceable under California conflict of law rules and cite *Delamater v. Anytime Fitness, Inc*., 722 F.Supp.2d 1168 (E.D. Cal. 2010). However, *Delamater* is easily distinguished from the matter before the Court. The mediation provision in *Delamater* was not restrictive and did not violate the CFRA by requiring out-of-state mediation. "The Franchise Agreements explicitly state that Delamater and Anytime Fitness will

14

mediate disputes relating to the Franchise Agreement or franchise relationship prior to initiating litigation or arbitration:

> We each agree to enter into mediation of all disputes involving this Agreement or any other aspect of this relationship, for a minimum of for (4) hours, prior to initiating any legal action or arbitration against the other.

*Delamater*, 722 F. Supp. 2d at 1177. Thus, because the *Delamater* mediation agreement merely required mediation for a four-hour period, but did not attempt to impose a particular location, it did not violate CFRA.

Defendants contend that "Section 20040.5 is entirely inapplicable to the mediation provision because the mediation provision does not restrict 'venue'." (Doc. 23 at 8.) They urged the Court to disregard Plaintiff's argument that the term "venue" as used in Section 20040.5 is not ambiguous. (Doc. 23 at 8.) However, courts broadly interpret Section 20040.5 to prevent franchisors from imposing procedural barriers that effectively deny California franchisees access to local courts. *See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010). The mediation provision undoubtedly delays and burdens Plaintiff's, a California franchisee, ability to litigate in the state of California by requiring out-of-state mediation prior initiating an action in court. At its core, the mediation provision functions as a procedural barrier that obstructs access to California courts which is contrary to California public policy. For these reasons, the Court finds the mandatory mediation provision unenforceable and void under CFRA. Notwithstanding the Court's finding, the Court still considers the parties' unconscionable argument.

**B. Unconscionability: The Mediation Provision (11.C Mediation)**

Defendants contend Plaintiff's unconscionability arguments are without merit and waived under Texas law. In arguing choice-of-law, Defendants point to the Agreement's choice of law clause designating Texas as the jurisdictional law that governs the terms of Agreement and any disputes arising from it. (Doc. 20 at 15.) Defendants also argue California's conflict-of-law rules deem Texas law applicable "to any claim by [Plaintiff] that the mediation prerequisite is unconscionable." (*Id.* at 15-16.) Defendants contend that, under a California conflict-of-law analysis, there is a substantial relationship between the state of Texas and the parties and/or their

15

transactions and a reasonable basis for the parties' choice of Texas law. (*Id.* at 16.) Moreover, "the application of Texas law is not contrary to any fundamental public policy of California." (*Id.*) Assuming this, Defendants argue that Plaintiff's unconscionability arguments are without merit and fail because "Argus cannot show that the mediation provision in the Franchise Agreement is procedurally or substantively unconscionable." (*Id.* at 17.) Defendants contend "[u]nder Texas law, unconscionability, must be satisfied both procedurally and substantively." (*Id.* (*quoting Insurance Distribution Consulting, LLC v. Freedom Equity Group*, LLC, 2022 WL 1491967 at *4 (S.D.Tex. 2022)).

Defendants further assert equitable estoppel arguing, "Argus should also be equitably estopped from arguing that the mediation provision is inapplicable to its claims against Meier" because the claims against "Meier each rely on, refer to and presume the existence of the Franchise Agreement," and allege "identical conduct, not just substantially interdependent and concerted conduct, by both [defendants] TGG and Meier." (*Id.* at 19-20.) Defendants explain, "[w]hen each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement" Texas law applies equitable estoppel. (*Id.* at 19 (*quoting Meyer v. WMCO–GP, L.L.C.*, 211 S.W.3d 302, 305-306 (Tex. 2006).) Therefore, "Argus is equitably estopped … from asserting that the mediation provision of the Franchise Agreement is inapplicable to its claims against Meier." (*Id.* at 20.)

Lastly, Defendants argue Plaintiff's unconscionability arguments were waived and/or "released and discharged." (*Id.* at 21.) Defendants contend Plaintiff "lacks standing to assert any fraud claims against TGG or that the Franchise Agreement was unconscionable." (*Id.*) Defendants explain, "Since Peterson released and discharged any 'claims whatsoever' against TGG and Meier, including specifically both contract and tort based claims 'in any way connected with the Franchise Agreement or the offer and sale' of the franchise," Plaintiff "has no standing to assert any of the claims released [waived] by Peterson, or to claim that the Franchise Agreement is unconscionable." (*Id.*)

///

16

a. California Law applies

Defendants assert Texas law governs the terms of the Franchise Agreement and Plaintiff's unconscionability arguments. For reasons previously discussed and reasons to follow, the Court disagrees. Foremost, Defendants give no weight to California conflict of law principles, which establish that choice of law provisions cannot circumvent or contravene the fundamental California public policy in favor of protecting franchisees from unfair and deceptive business practices under the CFRA. *See generally Bridge Fund Capital Corp.*, 622 F.3d 996.

b. Conflict of law

A federal court sitting in diversity applies the forum state's choice of law rules. *See generally Bridge Fund Capital Corp.*, 622 F.3d 996. Since Plaintiff initiated the suit in California, the Court must apply California's choice of law rules to determine whether to apply California or Texas law to the unconscionability issue. "When an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws ... dictates a different result." *Id.* Under the Restatement approach, the court must first determine "whether the chosen state has a substantial relationship to the parties or their transaction, ... or whether there is any other reasonable basis for the parties' choice of law." *Id.* (*quoting Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148, 1152 (1992)). "If ... either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California." *Id.* If the court finds such a conflict, it "must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue.' " *Id.* (quoting Restatement (Second) of Conflict of Laws § 187, subd. (2)). If California possesses the materially greater interest, the court applies California law despite the choice of law clause. As clearly articulated in the Court's Order thus far, California has a materially greater interest. "California has substantial, case-specific interest in protecting its resident franchisees from losing statutory protections against fraud and unfair business practices." *Bridge Fund*, 622 F.2d at 1004.

///

                c.   Procedurally and Substantively Unconscionable

The Court has found that the mediation provision is unenforceable under CFRA. Thus, the Court declines to determine whether it is unconscionable. On the other hand, considering Plaintiff's desire to mediate in California according to the California Addendum and CFRA and Defendants' position that the mediation must occur in Texas, the Court finds there was no meeting of the minds when it comes to the mediation provision. "[T]here was no evidence that the franchisor 'ever indicated that it would insist upon an out-of-state forum despite the contravening California law' referred to in the [circular], and the franchisee had no reason to expect that it had agreed to an out-of-state forum," indicating that "there was no 'meeting of the minds on the forum selection provision' " *Roberts*, 676 F. Supp. 2d at 950 (quoting *Laxmi,* 193 F.3d at 1097)). "Because there was no meeting of the minds on this provision, they did not become part of the agreement between the parties and they are invalid." *Roberts*, 676 F. Supp. 2d at 951. Thus, the Court finds the mandatory out-of-state mediation provision unenforceable and void for violating the CFRA, and Defendants' Federal Civil Procedure Rule 12(b)(1) arguments and jurisdictional challenge unpersuasive. Therefore, Defendants' motion to dismiss pursuant Rule 12(b)(1) is **DENIED**.

**III.     DEFENDANTS' ARGUMENTS UNDER FEDERAL CIVIL PROCEDURE RULE 12(b)(6)**

In the alternative, and "solely to the extent the Court is not inclined to dismiss" for "failure to mediation or to compel arbitration," Defendants move for dismissal pursuant Rule 12(b)(6) for failure to state a claim on which …, (Doc. 20 at 21, .) Defendants assert Plaintiff did not meet the heightened pleading standard of Federal Civil Procedure Rule 9(b) requiring Plaintiff "to allege facts with particularity in support of its fraud based claims." (*Id.* at 21.)  Moreover, "the December 2021 assignment included a release by Peterson of all his contractual, statutory and tort claims 'in any way connected with the Franchise Agreement or the offer and sale,' of the franchise [;]" therefore, Plaintiff "as an assignee standing in Peterson's shoes, has no standing to assert any of its fraud based claims against TGG." (*Id.* at 22.)

///

**A. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    a. Federal Civil Procure Rule 9(b)

Federal Civil Procedure Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted). Fraud-based claims "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Accordingly, Plaintiff must plead each element of the alleged fraud with particularity to satisfy the heightened standard. Plaintiff alleges the following fraud claims in its FAC: fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, fraudulent nondisclosure, and Texas deceptive trade practices. (*See* Doc. 11.)

Having reviewed Plaintiff's FAC, the Court finds Plaintiff pleads more than mere conclusory allegations in alleging these claims. Contrary to Defendants' contention, the FAC provides sufficient factual allegations. *See* Doc. 11 at ¶¶ 26-35. Plaintiff's allegations are not bald recitations of the technical elements of fraud or facts that show only that a fraud could have been possible. Rather, the allegations and facts give rise to a strong inference of fraud. In pleading each fraud-based claim, Plaintiff alleged (1) the time, place, and contents of the false representations or omissions, and explain how they were fraudulent, (2) the identity of the person making the misrepresentations, (3) how the misrepresentations misled the plaintiff, and (4) what the speaker gained from the fraud. For examples, the FAC alleges "that prior to entering the

19

Franchise Agreement, on October 4, 2021, Defendants TGG and Meier not only failed to disclose the existence of prior California franchises; The representations were made on or around September 27, 2021 in Orlando, Florida; [and] the falsity was repeated to Peterson by a TGG representative, Brittany Kruegar." (*See* Doc. 20 at 16-17 (citing Doc. 11 ¶¶ 22-23, 37).)

Moreover, if the Court were to conclude Plaintiff failed to meet the heightened pleading standard, this would not justify prejudicial dismissal.  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Brown v. DetailXPerts Fran. Sys.*, LLC, No. 18-CV-02430-SVK, 2020 WL 5106842, at *3 (N.D. Cal. 2020).  Absent bad faith, the Court would grant leave to amend.  For these reasons, the Court finds Plaintiff's alleged fraud-based claims comport with Rule 9(b)'s heightened pleading standard, and Defendants' alternative motion for dismissal under Rule 12(b)(6) for failure to allege facts with particularity is **DENIED**.

**ORDER**

Defendants' motion to dismiss is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 9, 2025**

_____
UNITED STATES DISTRICT JUDGE

20